Joseph L. **BUMGARNER**, Appellant,

v.

Harry **BLOODWORTH**, individually, and in his official capacity as Sheriff of Poinsett County, Arkansas; David Burnett, individually, and in his official capacity as Prosecuting Attorney for the Second Judicial District of Arkansas; Randy Toombs, individually, and in his official capacity as State Patrolman for the State of Arkansas; Harold Blackwood, individually, and in his official capacity as Deputy Sheriff of Poinsett County, Arkansas; Roger Shinall, individually, and in his official capacity as Chief Deputy for the Poinsett County, Arkansas, Sheriff's Department; Terry Qualls, individually, and in his official capacity as Deputy Sheriff of Poinsett County, Arkansas; Paulette Arnold, individually, and in her official capacity as Deputy Sheriff of Poinsett County, Arkansas; Doyne Branch, individually, and in his official capacity as Special Agent in the Treasury Department, Alcohol, Tobacco and Fire Arms Division; and other Unknown Individuals, individually, and in their official capacities, Appellees.

No. 83–2371.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1984.

Decided July 17, 1984.

Joseph L. Bumgarner, pro se.

Steve Clark, Atty. Gen., George W. Proctor, U.S. Atty., E.D. Ark. by James C. Cullum, Asst. Atty. Gen., Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellees.

Before McMILLIAN, BENNETT * and ARNOLD, Circuit Judges.

PER CURIAM.

This is a civil-rights action brought under 42 U.S.C. § 1983. The plaintiff claims that his house in Poinsett County, Arkansas, was searched pursuant to a warrant in 1979 and that officers seized several items not covered by the search warrant, including personal items of sentimental value. According to the complaint, which we must accept as true for present purposes, the Sheriff of Poinsett County, several deputy sheriffs, a United States Treasury Department agent, and an Arkansas state trooper divided the plaintiff's property among themselves. The complaint also names David Burnett, the prosecuting attorney of Poinsett County, as a defendant and claims Burnett knew of the illegal activity and failed to prosecute those responsible for it. The plaintiff seeks declaratory and injunctive relief, the return of his property, and damages.

The District Court dismissed the complaint, holding (1) the defendant Burnett is immune from prosecution since he was acting within the scope of his duties as prosecutor, and (2) the plaintiff has not been deprived of property without due process since the state provides him with an adequate postdeprivation remedy through recourse to the Arkansas State Claims Commission. The court cited *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The plaintiff appeals, claiming among other things that *Parratt* should not apply to cases of intentional official wrongdoing.

We affirm the District Court's dismissal of the claim against the defendant Burnett, but we reverse the dismissal of the remaining claims.

* The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

We do not agree that the Arkansas State Claims Commission is empowered to grant plaintiff adequate relief. Ark.Stat.Ann. § 13–1402 (1979) provides: "[T]he State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions, but shall have no jurisdiction of claims against municipalities, counties ... or any other political subdivisions of the State." Only the claim against the state trooper is subject to the jurisdiction of the Claims Commission and since the Commission can make only monetary awards, even a judgment in plaintiff's favor against the trooper would not give the plaintiff the relief he seeks, return of specific property. In addition, the Arkansas General Assembly must approve awards which exceed $2,000, and payment of such awards is conditional on appropriation of funds by the Legislature. 1983 Ark.State Claims Comm'n Rules & Regulations 5.

Defendants suggest a number of other grounds in support of the judgment of dismissal. They were not reached by the District Court, and the record before us is not well enough developed to enable us to address them with any degree of confidence. Defendants are of course free to urge these defenses on remand.

We express no opinion on whether *Parratt* applies to intentional deprivations of property.

We are grateful to appointed counsel for his diligent and effective service to this Court and to his client.

Affirmed in part, reversed in part, and remanded.

It is so ordered.